**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 22-82002-CV-MIDDLEBROOKS

VICTOR ARIZA,

      Plaintiff,

v.

RAWLINGS SPORTING
GOODS COMPANY, INC.

      Defendant.

_____/

**ORDER GRANTING JOINT MOTION FOR APPROVAL AND**
**ENTRY OF CONSENT DECREE AND CLOSING CASE**

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Approval and Entry of Consent Decree, filed on April 18, 2023. (DE 22). The Parties contend that they agree to the entry of the Consent Decree without trial and that the Consent Decree should act as a full settlement of Plaintiff's claims against Defendant for injunctive relief and damages. (DE 22-1). In their Consent Decree, the Parties stipulate that the Court shall retain jurisdiction to enforce the Consent Decree. (DE 22 ¶ 17). Having reviewed the Consent Decree, it is hereby

    **ORDERED and ADJUDGED** that:

    (1) The Parties' Joint Motion for Approval and Entry of Consent Decree (DE 22) is **GRANTED**.

    (2) The Consent Decree (DE 22-1) is **ADOPTED** in its entirety.

    (3) Pursuant to the Parties' request, the Court will retain jurisdiction to enforce the terms of the Consent Decree. Jurisdiction will be reserved for a period of six months.

(4) The above-styled action is **DISMISSED WITHOUT PREJUDICE**.[1]

(5) The Clerk of Court shall **CLOSE THIS CASE** and **DENY** all pending motions **AS MOOT.**

**SIGNED** in Chambers in West Palm Beach, Florida, this 19th day of April, 2023.

Donald M. Middlebrooks
United States District Judge

Copies to:   Counsel of Record

---

[1] "District courts have unquestionable authority to control their own dockets . . . , [which] includes broad discretion in deciding how best to manage the cases before them." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863-64 (11th Cir. 2004).